MAGGIE SHEFFER

*v.*

CHARLES L. WILLOUGHBY *et al.*

*Filed at Ottawa November 9, 1896.*

RESTAURANT KEEPERS—*are not insurers that food served is wholesome.* A restaurant keeper does not impliedly insure the soundness and wholesomeness of food not manufactured by him, which he furnishes to his patrons, and is only liable for negligence.

*Sheffer* v. *Willoughby*, 61 Ill. App. 263, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This was an action on the case, brought by appellant, against appellees, to recover damages for injuries resulting to the appellant from eating an oyster stew served by appellees in their restaurant, in Chicago, on the 5th day of February, 1891. It was alleged in the declaration that the defendants were the proprietors of a public restaurant known as the Boston Oyster House, furnishing to patrons, among other things, oyster stews; that on

the 5th of February, 1891, they received the plaintiff as a guest and patron, and furnished to her a certain dish of food known as an oyster stew, for a certain charge paid by plaintiff, and it then became the duty of the defendants to carefully prepare the stew of healthy and wholesome material, yet the defendants, disregarding their duty in this behalf, did carelessly, negligently and unskillfully, and through the carelessness, negligence and unskillfulness and default of the defendants and their servants, and for want of due care and attention to their duty, prepare and deliver to the plaintiff, to be by her eaten, an oyster stew that was not good or wholesome, but deleterious, dangerous and poisonous; that the plaintiff, though using all due care, and without fault, then and there ate the stew, and immediately thereafter, and as the immediate and direct consequence thereof, and of said negligence and carelessness of the defendants, became and was poisoned, and became sick and was sick, and suffered terrible bodily injury and endured great physical and mental pain, and became permanently injured, and was obliged to and did lay out and expend large sums of money in endeavoring to get healed, and claiming damages.

It appears from the evidence introduced by the plaintiff, that on the morning of February 5, 1891, the plaintiff, being then in good health, accompanied by her friend, Mrs. Thompson, left her home in Chicago and spent the forenoon in shopping, and about twelve o'clock entered the restaurant of the defendant.   Each ordered a stew, Mrs. Thompson eating hers, the plaintiff eating, according to her testimony, only the broth of her stew.   While eating the oysters Mrs. Thompson observed a peculiar taste in her mouth, as she described it, "a brassy taste." This was observed soon after beginning to eat and again about the time of finishing.   Some oysters left in the plaintiff's dish the ladies observed were green, and they called the attention of the waiter to the fact.   He in-

sisted, however, that the oysters were all right. After finishing their meal they paid for the oysters and left the restaurant. As soon as they got on the steps Mrs. Thompson began to feel sick and both went across the street to a physician's office. Before leaving the restaurant they wrapped two of the oysters in a piece of paper and showed them to the doctor. At the doctor's office the plaintiff was taken sick and was in great agony and pain. She had a burning sensation and a hot feeling, and was sick and faint. An emetic was given to each, and they remained in the office some time, Mrs. Thompson becoming materially better and the plaintiff improving so that they were able to start for home. On the street car going home the plaintiff was taken worse. She was bloated, and her clothes had to be opened. She was removed to the platform of the car and then to a drug store. After remaining in the drug store for some time she was removed to her home at State and Thirty-seventh street, where from her sickness she was confined to her bed for some three weeks. The evidence tends to show that she has never recovered from her sickness. It also appeared from eight to nine hundred oyster stews were served in the restaurant during the noon hour.

At the close of the plaintiff's evidence the court, at the request of the defendants, instructed the jury to return a verdict in favor of the defendants, and it is claimed that the court erred in giving this instruction.

EDWIN F. ABBOTT, for appellant:

There is an implied warranty of the soundness and wholesomeness of provisions prepared for immediate consumption. *Wiedeman* v. *Keller*, 58 Ill. App. 382; *Hoover* v. *Peters*, 18 Mich. 51; *Van Bracklin* v. *Fonda*, 12 Johns. 467; *Moses* v. *Mead*, 1 Denio, 388; 5 Bacon's Abr. 232; *Devine* v. *McCormick*, 50 Barb. 116.

Where the causes which produce the injury are under the management of the defendants, and in the ordinary

course of things the injury would not have been suffered, defendants are *prima facie* liable.    16 Am. & Eng. Ency. of Law, 449; *Budd* v. *Carriage Co.* 35 Pac. Rep. 660; *Scott* v. *Dock Co.* 3 Hurl. & Colt. 596.

On grounds of public policy inn-keepers are *prima facie* liable for losses which happen to the goods of guests. On the same principle, and for a greater reason, restaurant keepers should be held *prima facie* liable for injury sustained by reason of their guests eating improper food. *Metcalf* v. *Hess*, 114 Ill. 129; *Johnson* v. *Richardson*, 17 id. 278; 11 Am. & Eng. Ency. of Law, 449.

DUNCAN & GILBERT, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Whether plaintiff became sick from eating the oyster stew at the defendants' restaurant was a question for the jury, and while the evidence produced by plaintiff that eight or nine hundred persons were served with oyster stews at the same time and place, none of whom became sick, would seem to be a strong circumstance tending to establish that plaintiff's sickness was attributable to other causes, yet we are inclined to the opinion that if plaintiff had made out her case in other respects it would have been the duty of the court to submit this question to the jury.    It will be observed that plaintiff, in her declaration, averred that defendants, as restaurant keepers, served plaintiff with oysters, and "carelessly, negligently and unskillfully, and through carelessness," did "deliver to plaintiff, to be by her eaten, an oyster stew that was not good or wholesome, and deleterious, dangerous and poisonous," etc., whereby plaintiff became sick. This was, no doubt, regarded by plaintiff as a material averment, and it was a material averment,—one upon which the right of recovery of plaintiff rested,—and unless the evidence fairly tended to establish negligence on the part of defendants, plaintiff could not recover.

But it is said in the argument, that "inn-keepers are *prima facie* liable for losses which happen to the goods of their guests, and on the same principle restaurant keepers should be *prima facie* liable for injury resulting from unwholesome food furnished by them." The law is well settled that the keepers of public inns are required to safely keep the property of their guests, and in case such property is lost the inn-keeper can only relieve himself from liability by proving that the loss occurred without any fault on his part or that the loss occurred through the fault of his guest, and the burden of proof to exonerate the inn-keeper is upon himself, for the reason the law, in the first instance, will attribute the loss to his default. (*Johnson* v. *Richardson*, 17 Ill. 302.) As respects the goods of a guest which he takes with him when he stops at an inn, the inn-keeper is practically an insurer, and where an action is brought to recover for goods lost, the guest is only required to show the existence of the relation of inn-keeper and guest, and the loss, to authorize a recovery. But as to food served at a restaurant, such as oysters, ice cream and the like, we are not aware that a similar rule establishing liability ever existed. There is no similarity between the two cases, and the principle that governs one does not apply to the other. If a person keeping a public restaurant fails to exercise ordinary care in furnishing food to his patrons and damages result, he will be liable if his business be conducted in a careless or negligent manner and through such negligence a patron is injured. But where an action is brought to recover damages the burden is upon the person bringing the action to establish carelessness or negligence.

Plaintiff claims that having proven that she ate the oyster broth at defendants' restaurant, and in consequence became sick, her case is made out, or, at least, the burden of proof is shifted on defendants. If this rule were adopted plaintiff would be relieved from proving the most important element of her declaration,—the negli-

gence of defendants,—which is really the foundation of the action. This would, in effect, make the restaurant keeper an insurer. Such a rule is not correct on principle, nor has it been sustained, so far as we are advised, by any respectable authority. *Wiedeman* v. *Keller*, 58 Ill. App. 382,—a case cited by appellant,—was one where the plaintiff brought an action against a retail dealer in meats to recover damages resulting from eating pork containing trichina, sold to him by the dealer. In deciding the case the court held, that when a vendor of provisions has no notice, and cannot, by the exercise of reasonable or ordinary care, ascertain the unwholesome or unsound condition, there is no implied warranty of the soundness of the provisions not prepared or manufactured by such vendor. Here there is no pretense that defendants manufactured either the oysters or the milk,—the two ingredients of the oyster stew,—and under the rule laid down in the case cited there could be no liability.

Plaintiff has cited *Bracklin* v. *Fonda*, 12 Johns. 467, as an authority. But that was an action brought against a person for selling a quarter of beef as good and sound when it was bad and unwholesome, but it was proven that the vendor knew, when he sold the beef, that it was diseased, and while the rule laid down in that case is proper under the facts, it has no application to this case. Here plaintiff called but one witness to prove negligence or carelessness on the part of defendants, and upon an examination of the evidence of the witness it will be found it does not tend to show that defendants were guilty of any negligence or carelessness.

As plaintiff failed to introduce any evidence tending to prove the most material averment of her declaration, the instruction of the court to find for defendants was correct.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*