WILLIAM H. CROCKER *vs.* BALTIMORE DAIRY LUNCH COMPANY.

Suffolk.    January 14, 1913. — February 27, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* In selling injurious food.   *Food.*

In an action of tort for alleged negligence in selling poisonous food to the plaintiff,
evidence tending to show merely that the plaintiff bought and ate food at a
lunch room maintained by the defendant and suffered from ptomaine poison-
ing due to the food which he thus had eaten, will not entitle the plaintiff to
go to the jury, because there is no evidence of the defendant's negligence and
no question of implied warranty is open.

TORT for injuries from ptomaine poisoning alleged to have been
caused by food negligently sold to the plaintiff by the defendant.
Writ in the Municipal Court of the City of Boston dated April
28, 1911.

The declaration was as follows:

"And the plaintiff says that the defendant corporation kept and
maintained a restaurant or lunch room on Tremont Street, in
the city of Boston, doing business with and for the accommodation
of the public; that on the 29th day of March 1911, the plaintiff,
at the invitation of the defendant in said lunch room, ordered and
paid for certain food furnished by the defendant and ate the same;
that said food so furnished to the plaintiff by the defendant was
negligently prepared, unwholesome and poisonous, whereby the
plaintiff was poisoned and caused to be seriously sick for a long
time; that the plaintiff himself was in the exercise of due care
and by reason of said unwholesome and poisonous food partaken
of by the plaintiff as aforesaid, he was caused to be sick for a long
period of time and suffered great pain and anguish of body and
mind, and was put to much expense for doctor's care and loss of
earnings; and for said pain and suffering and consequent dama-
ges, the plaintiff claims of the defendant a just and reasonable
compensation."

The answer was a general denial.

On appeal to the Superior Court the case was tried before
*Bell,* J.   The facts which could have been found in favor of the
plaintiff are stated in the opinion.

At the close of the evidence, the counsel for the defendant moved that the jury be instructed to return a verdict for the defendant upon the pleadings. After discussion, the judge gave the plaintiff an opportunity to amend his declaration by adding a count in contract. This the plaintiff declined to do. The judge thereupon decided to let the case go to the jury on the question of negligence, and the defendant excepted.

The defendant asked the judge to charge the jury that upon all the evidence the jury should return a verdict for the defendant. The judge refused to do this, and submitted the case to the jury with three specific questions, which with the answers of the jury to them were as follows:

"1. What was the cause of the plaintiff's sickness?" The jury answered, "Unhealthy food."

"2. If you answer the last question that the cause was unhealthy food sold to him by the defendant, was anyone's want of care the cause of the condition of said food? If so, whose?" The jury answered, "Yes, Baltimore Dairy Lunch."

"3. If you so find, was there any want of care on the part of anyone in not discovering said condition? If so, whose?" The jury answered, "Defendant."

The jury returned a verdict for the plaintiff in the sum of $225, and at the defendant's request the judge reported the case for determination by this court. If the case was one which should have been submitted to the jury, the verdict was to stand; otherwise, a new trial was to be ordered.

*W. B. Grant & H. E. Whittemore,* for the defendant, submitted a brief.

*J. A. McGeough,* for the plaintiff.

SHELDON, J. This case was submitted to the jury on the question solely of the defendant's negligence, the plaintiff having declined to amend his declaration by adding a count in contract. The only question raised is whether the evidence warranted a finding for the plaintiff upon that issue. Whether the plaintiff might have relied upon an implied warranty by the defendant that its food was pure and wholesome (see *Farrell* v. *Manhattan Market Co.* 198 Mass. 271, 274, and *Roberts* v. *Anheuser Busch Brewing Association,* 211 Mass. 449, 451), is not now to be considered.

After a careful examination of the record, we find no affirmative evidence of such negligence. The testimony put in by the plaintiff went no further than to show that he bought and ate the defendant's food and became sick, from what the jury might find to have been ptomaine poisoning due to the food which he had eaten. The defendant's testimony indicated that all its food supplies had been purchased from well known and reputable dealers; that its poultry was procured from a firm of wholesale dealers in poultry, under a contract which called for "fresh killed poultry, large plump birds," and that there could be no better poultry than that which it received from them. There was testimony to be sure that the larger part of this poultry came from Indiana and Illinois, and had been killed there; but there was nothing to show that this fact was or should have been known to the defendant, or that any part of the poultry came from cold storage. The ham used by the defendant was bought from a large dealer in meats ready cooked, one ham each day, according to its evidence; its coffee was of a good grade and made on the premises. There was evidence also of strict inspection by the defendant of the food supplies that it received from the dealers, and of great care and cleanliness in the preparation of the food sold by it; that whatever was left unsold at the end of each day was not afterward served to customers, but was thrown away, and that the defendant's premises were carefully kept clean and sweet. Of course all or any part of this evidence might have been disbelieved; but a failure to accept the defendant's evidence of its care and diligence and of the precautions that it had used could not take the place of evidence of negligence on its part.

In *Bishop* v. *Weber*, 139 Mass. 411, which was decided upon demurrer, the defendant's liability was rested upon the averments of his negligence. That it is necessary in an action like this to aver and prove negligence in the defendant was expressly decided in *Sheffer* v. *Willoughby*, 163 Ill. 518. The decision in *Roberts* v. *Anheuser Busch Brewing Association*, 211 Mass. 449, turned upon the falsity of representations made by the defendant.

The defendant asks us to order judgment in its favor, under the provisions of St. 1909, c. 236; but the terms of the report require that a new trial should be had.

*So ordered.*