FLORA ASH *vs.* CHILDS DINING HALL COMPANY.

Suffolk.    January 8, 1918. — September 11, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Innkeeper. Restaurant Keeper. Food. Negligence,* In furnishing food, *Res ipsa loquitur.*

In an action of tort against a restaurant keeper for negligence in furnishing food not fit to eat, the burden is on the plaintiff to show that the defendant failed to use due care to furnish wholesome food fit to eat.

The presence in a piece of blueberry pie, served in a restaurant as food, of a very thin black tack a little longer than a carpet tack with a very small flat head a little larger than a pin head is not in itself evidence of negligence on the part of the restaurant keeper, whose servants made the pie from blueberries that were purchased by the manager of the restaurant keeper in a quart basket made of wood fastened by such tacks.

In the case in which the points above stated were decided, it was *said* that no
question was raised as to the contractual relation between the parties.

TORT for personal injuries alleged to have been sustained by the
plaintiff on July 8, 1915, by reason of the defendant's negligence
in serving to the plaintiff as food a piece of blueberry pie in which
a nail or tack was concealed.   Writ dated February 16, 1916.

The plaintiff's declaration was as follows:  "And the plaintiff
says the defendant is a corporation duly established by law and
conducts dining halls in Boston, selling food to customers; that
on or about July 8, 1915, while she was a customer of the defend-
ant company, eating in a dining hall of said defendant, to wit at
269 Washington Street, and while lawfully upon the premises,
and while in the exercise of due care, she was injured by reason of
a nail which was in a piece of pie she was eating becoming stuck
in her throat; that she could not see the nail and had no knowl-
edge of its being in said pie; that it was the duty of the de-
fendant company to provide food that is safe for customers to
eat, but that, unmindful of its duty the defendant, by its servants
and agents, carelessly and negligently permitted said nail to get
into said pie.   And the plaintiff says that by reason of said injury,
she has been put to great expense for nursing, medicines and
medical attendance, and has suffered greatly both in mind and
body, to her great damage."

The answer contained a general denial and also alleged that the
plaintiff was not in the exercise of due care at the time of the
alleged injury.

In the Superior Court the case was tried before *Chase,* J.  The
evidence is described in the opinion.

At the close of the evidence the judge asked the counsel for the
plaintiff, "Are you prepared to go to the jury on the pleadings
as they stand?" and the counsel answered, "Yes."  The defend-
ant then asked the judge to order a verdict for the defendant
upon the ground that on all the evidence the plaintiff was not
entitled to recover.   The judge refused to do this, and the defend-
ant then asked the judge to instruct the jury as follows:

"1.  That on all the evidence there should be a verdict for the
defendant.

"2.  That the plaintiff has not sustained the burden of proof
that the defendant was negligent."

"5. That the evidence does not warrant a finding that the defendant was negligent."

"7. That the fact, if it be a fact, that the food furnished the plaintiff contained a deleterious foreign substance is not of itself evidence of negligence sufficient to warrant a finding for the plaintiff.

"8. That the fact, if it be a fact, that the food furnished the plaintiff contained a deleterious foreign substance is not of itself evidence sufficient to charge the defendant with knowledge of the presence of the substance so as to make the defendant liable."

The judge refused to give any of these instructions and submitted the case to the jury. The close of the judge's charge was as follows: "The defendant is not liable merely because the tack was there, if it was there. It is not liable unless the tack was there and had not been discovered and taken out through its negligence. The question is whether you think you ought as reasonable men to infer negligence from the presence of the tack in the pie if there is no other explanation of it. The question is for you."

The jury returned a verdict for the plaintiff in the sum of $150; and the defendant alleged exceptions.

*F. H. Smith, Jr.,* (*W. F. White* with him,) for the defendant.

*A. J. Connell,* for the plaintiff.

RUGG, C. J. This is an action of tort. It rests solely upon allegations of negligence. The burden of proving that the proximate cause of the plaintiff's injury was the negligence of the defendant or its servants or agents rested on the plaintiff. It is well settled that the duty rests upon the keeper of an inn, restaurant or other eating place to use due care to furnish wholesome food, fit to eat. Failure in this respect resulting in injury is foundation for an action for negligence. *Bishop* v. *Weber,* 139 Mass. 411, 417. *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177. *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265. *Tomlinson* v. *Armour & Co.* 46 Vroom, 748, 762.

The testimony of the plaintiff tended to show that she received injuries from the presence of a tack in a piece of blueberry pie which she was eating while a guest of the defendant in its restaurant. Her description was that "there lodged in her throat, in her right tonsil, a very thin small-headed tack, the head a little mite larger than a pin head . . . it was a little longer than a

carpet tack." It was not the same shape as a carpet tack. "It was thin, long and a very small head." The head was flat. "It was a black tack."

The pie was made by the defendant on its premises and served as food by its waitress to the plaintiff. The manager of the defendant testified that at that time its blueberries came in ordinary quart berry baskets, made of wood in which were tacks "hardly an eighth of an inch long, with a flat head, and that this was the first time in the eighteen years that he had been in the business that he had seen a tack in blueberries." There was other testimony to the effect that a high degree of care was exercised in the preparation of the blueberries for the pies. That is laid on one side, as it may not have been credited by the jury. But disbelief of the defendant's testimony as to the precautions used by it cannot take the place of evidence of negligence.

There is nothing in the record from which it can be inferred that the harm to the plaintiff resulted directly from any failure of duty on the part of the defendant. The precise cause of her injury is left to conjecture. It may as reasonably be attributed to a condition for which no liability attaches to the defendant as to one for which it is responsible. Under such circumstances the plaintiff does not sustain the burden of fastening tortious conduct on the defendant by a fair preponderance of all the evidence, and a verdict ought to be directed accordingly. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 444.

The tack was very small. It was so tiny that it readily might have become embedded in a blueberry. If so, its color and shape were such that it would naturally escape the most careful scrutiny. It might as readily have stuck into a blueberry before it came to the possession of the defendant as afterwards. The carelessness of some person for whom the defendant in no way was responsible might have caused its presence in the pie. The maker of the basket, some previous owner of the berry, or some other third person, is as likely to have been the direct cause of the tack being in the pie as the defendant or those for whose conduct it is liable. The facts are quite different from those disclosed in *Hunt* v. *Rhodes Brothers Co.* 207 Mass. 30.

These suggestions make it plain that this is not a case for the application of *res ipsa loquitur*. That doctrine may be invoked

in the case of an unexplained accident which, according to the common experience of mankind, would not have happened without fault on the part of the defendant. *St. Louis v. Bay State Street Railway*, 216 Mass. 255, 257. It does not avail where the cause of the injury is just as likely to have been the fault of another. The mere fact of injury does not show negligence. The burden of proof resting upon the plaintiff to establish that fact must be sustained by evidence either direct or inferential. *Waters-Pierce Oil Co. v. Deselms*, 212 U. S. 159, 176. The case falls within the class of which *Crocker v. Baltimore Dairy Lunch Co.* 214 Mass. 177, *Kusick v. Thorndike & Hix, Inc.* 224 Mass. 413, and *Burnham v. Lincoln*, 225 Mass. 408, are examples. See in this connection *Hasbrouck v. Armour & Co.* 139 Wis. 357.

No question arises as to the contractual relations between the parties.

In the opinion of a majority of the court, the entry must be

*Exceptions sustained.*