WILLIAM GRAY ROSEBERRY *vs.* WILLIAM E. WACHTER.

(*November* 18, 1925.)

RICE, J., sitting.

*George W. Lilly* for plaintiff.

*Robert Adair* for defendant.

Superior Court for New Castle County, November Term, 1925.

No. 142, May Term, 1925.

Rice, J., in charging the jury, stated that the plaintiff's action was based on negligence. He also defined negligence and, in substance, stated that they must determine whether plaintiff's injuries were caused by negligence on the part of the defendant or of his employees. He further charged the jury as follows:

It is well settled that innkeepers, proprietors of restaurants, lunch rooms, and other persons who undertake to furnish the public with food are bound to use due care to see that such food is fit for human consumption, and can be partaken of without causing sickness, injury or endangering human life because of its unwholesome and deleterious condition or because of the presence of foreign substances; and for any negligence in this particular which proximately results in injury to a patron, they will be responsible. *Ash v. Child's Dining Halls Co.*, 231 *Mass.* 86, 120 *N. E.* 396, 4 *A. L. R.* 1556; *Tonsman v. Greenglass et al.*, 248 *Mass.*

275, 142 *N. E.* 756; *Sheffer v. Willoughby*, 163 *Ill.* 518, 45 *N. E.* 253, 34 *L. R. A.* 464, 54 *Am. St. Rep.* 483; *Crocker v. Baltimore Dairy Lunch Co.*, 214 *Mass.* 177, 100 *N. E.* 1078, *Ann. Cas.* 1914B, 884; *Wilson v. Ferguson Co.*, 214 *Mass.* 256, 101 *N. E.* 381; 14 *R. C. L.* 510; *Ann. Cas.* 1914B, 885.

This liability of innkeepers, proprietors of restaurants, eating houses, etc., is based on their failure to exercise reasonable or ordinary care in the preparation and serving of food to the public, and is not based upon their liability as insurers. *Sheffer v. Willoughby*, 163 *Ill.* 518, 45 *N. E.* 253, 34 *L. R. A.* 464, 54 *Am. St. Rep.* 483; *Kenney v. Wong Len*, 81 *N. H.* 427, 128 *A.* 343; 14 *R. C. L.* 510; *Ann. Cas.* 1914B, 885.