WILLIAM J. SHEPARD, an Infant, by WILLIAM J. SHEPARD, His Guardian ad Litem, Plaintiff, *v.* BECK BROS., INC., Defendant.

City Court of New York, December 14, 1927.

Sales — negligence — plaintiff, an infant, sues defendant, baker, to recover damages suffered when he ate cake containing nail — evidence does not sustain charge of negligence — defendant not liable under Personal Property Law, § 96.

The grandmother of the infant plaintiff purchased some cake from the defendant, a baker engaged in the production and retail sale of food stuffs, and the plaintiff, an infant, ate a piece of the cake, called coffee ring. The evidence shows that there was a nail in the cake and that two of the plaintiff's teeth were broken and had to be removed. The infant has since grown a new set of teeth. The evidence on behalf of the defendant showed the care with which it manufactured the coffee ring and the ingredients which entered into the manufacture thereof, and the care with which it handled the manufactured goods. The court charged the jury that the burden of proof was on the plaintiff to prove that the defendant failed to use due care, and that it would not be liable if it had used reasonable care under the circumstances. The evidence presented a fair question of fact to be decided by the jury, and the verdict in favor of the defendant should not be disturbed.

The defendant is not liable under section 96 of the Personal Property Law.

MOTION by plaintiff for a new trial.

*Mordecai P. Springer*, for the plaintiff.

*Rabenold & Scribner* [*Harold S. Glendening* of counsel], for the defendant.

FINELITE, J. This is a motion for a new trial. The plaintiff, an infant, by his guardian *ad litem*, his father, brought this action to recover damages from the defendant for injuries received by plaintiff while eating a piece of cake called coffee ring. It appears on the facts adduced upon the trial that the defendant is a baker, and carried on a retail business as such baker in the city of New York; that about February 27, 1926, the grandmother of the infant plaintiff purchased from the defendant a coffee ring, and on that evening a piece thereof was given to the infant plaintiff with his tea. The infant was then about six and one-half years of age. He bit a piece of this coffee ring, which resulted in cutting his gum, breaking off a piece of one front tooth and loosening a second tooth, which was caused by biting on a hard substance, to wit, a nail, that was in the coffee ring. The infant bled from the injury and was taken to a doctor, who did not administer to him, and he was later taken to the Lincoln Hospital, where the damaged teeth were

removed. The plaintiff did not offer any proof to show that the infant suffered any injury from the effects stated above and at the trial it appeared and was testified to by the infant that he had grown a new set of teeth. The defendant denied that the nail which was found in the coffee ring and bit upon by the infant plaintiff was in said coffee ring as baked by him, and the only fact he was cognizant of was that, two or three days after the alleged sale of said coffee ring, the father came into defendant's store and said the infant plaintiff had cut his gum on a nail found in the coffee ring, and that no mention was made at that time of any doctor or dentist or of any injury to teeth.

The action is based upon the theory of negligence, and the only basis for the recovery of damages would be for pain and suffering, and upon actual negligence, if so found by the jury. The president of the defendant corporation testified and gave a complete description of the process of manufacture of the coffee ring, and by his evidence showed that the defendant had used due care. He also gave the ingredients that went into the making of the coffee ring, and also a description of the containers used for each one of those ingredients, and a description was given of the care used in mixing and inspecting the different ingredients. He testified further that he was acquainted with the type of boxes used for raisins, raisins being one of the ingredients used in this kind of cake, and that he was familiar with the kind of nails used in the type of boxes that the raisins came in, and that the nail produced in evidence was not the type of nail used in these boxes. The only evidence offered on the trial in reference to the nail found in the coffee ring was by the grandmother, the father and the infant plaintiff. These in substance are the facts that were adduced upon the trial. The jury rendered its verdict in favor of the defendant. The plaintiff thereupon moved to set the same aside and for a new trial, which motion the court entertained.

No exception was taken to the court's charge on the law, wherein the court charged the jury that the burden of proof was on the plaintiff to show that the defendant failed to use due care, and that the defendant would not be liable if it had used all the reasonable care under the circumstances; also that, where an accident happens while the defendant is exercising reasonable care, the defendant is not liable; also that they must believe that the accident happened only through the defendant's fault, and of course they received the general instructions that the plaintiff was bound to establish negligence by a fair preponderance of the evidence. There is a distinction between negligence and warranty, and that distinction is set forth in section 96 of the Personal Property Law (as added

by Laws of 1911, chap. 571). Under this section, which will be quoted herein, it has been held in *Race* v. *Krum* (222 N. Y. 410) that " accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption." And in that case, as appears from the opinion, the court did not pass upon the question whether such a warranty existed in the case of hotel proprietors or those engaged in similar business. That cause of action arose before the present section 96 of the Personal Property Law took effect.

In the present case the cause of action arose after this section took effect. (Pers. Prop. Law, § 96.) Section 96 provides that " There is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: 1. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

If there be any liability, therefore, it must be made under this section, and the jury was so instructed in substance. In *Rinaldi* v. *Mohican Co.* (225 N. Y. 70, 73), where the cause of action arose under this section, above quoted, of the Personal Property Law, it was held that " The mere purchase by a customer from a retail dealer in foods of an article ordinarily used for human consumption does by implication make known to the vendor the purpose for which the article is required. Such a transaction standing by itself permits no contrary inferences."

Under this section, as quoted in the *Rinaldi Case (supra)*, an action may be maintained to recover damages caused by the breach of an implied warranty in the sale of food to a consumer for immediate consumption. Whether the warranty extends to a wholesaler was expressly reserved in the *Rinaldi Case (supra)*.

In *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468) the action was brought against the manufacturer to recover damages resulting from a nail contained in a piece of cake. The plaintiff did not sue her immediate employer, who gave her the cake for consumption, but brought the action against the defendant, the manufacturer of said cake, and the court dismissed the complaint upon the ground that there was no privity of contract existing between the plaintiff and the defendant. (See, to same effect, *Redmond* v. *Borden's Farm Products Co.*, 245 N. Y. 512.)

In *Ash* v. *Childs Dining Hall Co.* (231 Mass. 86; 120 N. E. 396) the court held that the presence of a black tack in a blueberry pie

was not in itself evidence of negligence on the part of the defendant who prepared the pie, and that the rule of *res ipsa loquitur* does not apply to such a case.

In the plaintiff's action the jury were instructed that in an action for negligence more must be shown than the mere happening of the accident; that the plaintiff is bound to show that the defendant failed to use due care; that the defendant would not be liable, if it used all the reasonable care under the circumstances; that where an accident happens while the defendant is exercising reasonable care the defendant is not liable; and further that the jury must believe that this accident could happen only through the defendant's fault, and of course they received further general instructions to the effect that the plaintiff was bound to establish negligence by a fair preponderance of the evidence which made it a question of fact solely to be decided by the jury. As the jury weighed the evidence carefully, and came to the conclusion that the plaintiff failed to make out a case sufficient in law to show the defendant's liability, and the defendant has proven due care and given all the process and ingredients that entered into the manufacture of the coffee ring cake, the verdict of the jury should not be disturbed.

The motion for a new trial must, therefore, be denied. Submit order.