## HORN & HARDART BAKING CO. v. LIEBER.

Circuit Court of Appeals, Third Circuit.
February 27, 1928.

No. 3704.

1. **Food ⊝⇒25—Innkeeper is not insurer of food served guests.**

An innkeeper is not an insurer of food furnished guests, but his duty is that of exercising due care in the furnishing and serving thereof.

2. **Food ⊝⇒25—Restaurant keeper held not liable for injury to customer from tack in strawberries served, in absence of evidence of negligence.**

Where plaintiff, a customer in defendant's restaurant, was injured by a tack which was in strawberries served her, the injury itself *held* not evidence of defendant's negligence, and plaintiff *held* not entitled to recover where there was no other evidence of negligence, but, on the contrary, it was shown without contradiction that defendant bought the berries from a highly reputable dealer, and that they were prepared for the table by the most approved method.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.

Action at law by Sarah Lieber against the Horn & Hardart Baking Company. Judgment for plaintiff, and defendant brings error. Reversed.

Thomas F. Mount, Francis Rawle, and Joseph W. Henderson, all of Philadelphia, Pa., for plaintiff in error.

Abraham Friedman, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This suit was begun in a state court. The defendant, averring plaintiff was a citizen of Pennsylvania, that her alleged claim was in excess of the statutory jurisdictional requirement, and that it was a corporate citizen of another state, removed the case to the court below. Jury was waived, the case tried by the judge, and a judgment entered for $150. Thereupon this appeal was taken. The facts themselves are undisputed, and the question involved is whether the record disclosed evidence of negligence on the part of the defendant which would have constrained submission to a jury. The proofs adduced by plaintiff were that defendant maintained a public restaurant in the city of Philadelphia, to which she and a companion came on the night of May 12, 1926, and ordered strawberries; that, while eating them, she felt a sharp pain in her gum. She spat out, and saw blood coming. She felt around with her tongue and again spat, and brought out a nail or tack such as is used in making berry baskets. Her companion testified to the same effect and a dentist also to treating and disinfecting her upper left gum. This comprised the entire testimony on behalf of the plaintiff. Was it sufficient to constrain submission to a jury on the issue of negligence on the part of the defendant? That it was is contended on the ground, first, that defendant was the absolute insurer of the fitness of all food served; or, second, that the mishap of the plaintiff was itself proof of negligence.

[1] Turning to the first question, we are clear that, under the authorities, an innkeeper is not the insurer of food, but his duty is that of exercising due care in the furnishing and serving thereof. Valeri v. Pullman (D. C.) 218 F. 522, and authorities therein cited; Sheffer v. Willoughby, 163 Ill. 518, 45 N. E. 253, 34 L. R. A. 464, 54 Am. St. Rep. 483; Roseberry v. Wachter (Del. Super.) 138 A. 273. Turning to the second question, was the happening of the mishap to the plaintiff, in other words, the presence of the tack, in and of itself evidence of negligence? The accident which is itself evidence of negligence is, as stated in San Juan v. Requena, 224 U. S. 98, 32 S. Ct. 401, 56 L. Ed. 680, "when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from

the defendant's want of care." Now the presence at times of some foreign substance in food, viands poisonous and impure, the infectious character of meat and drink, are things which, in the ordinary experiences of life, as we know, happen both in homes and public eating places. Foods are assembled from distant places; they pass through different ownerships and handlings, all of which in the nature of things may have contributed to the food or drink not being absolutely pure or safe. Therefore it seems to us the fact that the plaintiff got this tack in her jaw when eating the strawberries, which at this season of the year, May, must have come from a distance, would not in and of itself be evidence of negligence on the part of the defendant. This seems consonant to reason and in line with the holdings of the adjudged cases. See Ash v. Childs, 231 Mass. 86, 120 N. E. 396, 4 A. L. R. 1556, where the presence of a small tack in a blueberry pie was held not to be per se proof of negligence, and that the plaintiff was not entitled to recover unless he proved some negligent act on the part of the defendant; Crocker v. Baltimore, 214 Mass. 177, 100 N. E. 1078, Ann. Cas. 1914B, 884, where the plaintiff suffered from ptomaine poisoning from eating in defendant's restaurant; Valeri v. Pullman (D. C.) 218 F. 522, where food which proved unwholesome was served; Roseberry v. Wachter (Del. Super.) 138 A. 273, where a bone splinter in chicken soup lodged in the plaintiff's throat; and Sheffer v. Willoughby, 163 Ill. 518, 45 N. E. 253, 34 L. R. A. 464, 54 Am. St. Rep. 483, where the plaintiff was sickened by eating oyster broth.

[2] Seeing, then, that the defendant was not an insurer of the food furnished, that the presence of the tack, in and of itself, was not evidence of negligence and that no other evidence of alleged want of due care on the part of the defendant was shown, it follows the plaintiff would not have been entitled to have her case submitted to a jury on the issue of negligence unless the proofs on the plaintiff's part evidenced lack of due care. But such was not the case. Those uncontradicted proofs were that the berries were bought from one or other of the two dealers of highest repute in the city; that, before being served, they were placed in a colander, washed under pressure of city water, individually hulled, patted in a towel, and placed in individual dishes for serving. The uncontradicted testimony of an expert in such lines was that such was "the proper and the most suitable way available," and that such "is the standard method." Indeed, we think

the court below was misled by assuming the tack was lodged in a berry, point in and head out. Of this there was no proof, and, in view of the jolts to which a berry crate would ordinarily be subjected in wagon or truck from farm to railroad, in loading and unloading from the car, and later in wagon or truck loading, carriage, and unloading from railroad to dealer and from dealer to defendant's restaurant, that, in the absence of proof, it is quite as likely, if indeed not more so, that the tack may have been jolted about and finally become imbedded sideways in a berry and so have been quite hidden from view. It is evident that to hold the defendant guilty of negligence in this case would be to base a verdict on speculation instead of the solid basis of proven negligence.

Accordingly, the judgment below is reversed.