MARY LORETTO PAPPA, an infant by her next friend, Francis J. Pappa, Sr., v. F. W. WOOLWORTH CO.

MARY L. PAPPA v. F. W. WOOLWORTH CO.

FRANCIS J. PAPPA, JR., an infant by his next friend, Francis J. Pappa, Sr., v. F. W. WOOLWORTH CO.

JOSEPH PAPPA, an infant by his next friend, Francis J. Pappa, Sr., v. F. W. WOOLWORTH CO.

(*June* 30, 1943.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Thomas Herlihy, Jr.,* for the plaintiffs.

*William H. Bennethum* (of Marvel and Morford) for the defendant.

Superior Court for New Castle County, Nos. 134, 135 136, 137, November Term, 1942.

TERRY, J.:

The declarations allege in substance as follows: That the plaintiffs entered the public lunchroom of the defendant in the City of Wilmington on the 23rd day of January, 1942, and while there, purchased turkey club sandwiches which they consumed upon the premises, and, as a result, they became ill because the sandwiches were not made of wholesome food fit for human consumption.

The form of action is assumpsit. Each declaration consists of two counts. The theory of recovery in each count is based upon an implied warranty under a contract of sale.

The defendant demurred generally. The issue raised is narrow. Should the form of the action be in assumpsit based upon an implied warranty under a contract of sale, or should it be in case based upon negligence?

We are unable to find an allegation in the declarations setting forth an expressed warranty, or that the defendant knew that the sandwiches that it delivered to the plaintiffs were unfit for human consumption. The question immediately presented is whether the defendant is an insurer of the quality of the sandwiches that it served to the plaintiffs, or whether it is liable only for a failure on its part to exercise reasonable care in providing and serving the same.

The great weight of authority both in England and in this country is to the effect that a proprietor of a restaurant serving food to the public is not an insurer as to the quality of the food served, and his liability, if any, for serving unwholesome food is based upon his failure to exercise reasonable or ordinary care in preparing and serving the same to the public. *Sheffer v. Willoughby*, 163 *Ill.* 518, 45 *N. E.* 253, 34 *L. R. A.* 464, 54 *Am. St. Rep.* 483; *Travis v. Louisville & Nashville R. Co.*, 183 *Ala.* 415, 62 *So.* 851; *Bigelow v. Maine Central R. Co.*, 110 *Me.* 105, 85 *A.* 396, 43 *L. R. A.* (*N. S.*) 627; *Friend v. Childs Dining Hall Co.*, 231 *Mass.* 65, 120 *N. E.* 407, 411, 5 *A. L. R.* 1100; *Childs Dining*

*Hall Co. v. Swingler,* 173 *Md.* 490, 197 A. 105; *Merrill v. Hodson,* 88 *Conn.* 314, 91 A. 533, *L. R. A.* 1915B, 481, *Ann. Cas.* 1916D, 917; *Valeri v. Pullman Co. (D. C.)* 218 F. 519; *Nisky v. Childs Co.,* 103 *N. J. L.* 464, 135 A. 805, 50 *A. L. R.* 227; *Kenney v. Wong Len,* 81 *N. H.* 427, 128 A. 343; *Rowe v. Louisville & N. R. Co.,* 29 *Ga. App.* 151, 113 *S. E.* 823; *Williston on Contracts, Vol.* 4, § 996A; *Horn & Hardart Baking Co. v. Lieber,* (3 *Cir.*) 25 F. 2d 449.

The majority rule is predicated upon the theory that the serving of food by an innkeeper or proprietor of a restaurant is not a sale thereof; rather, the transaction falls in the category of a license or privilege of which the serving of the food is only a part. Other incidents being the furnishing of a place to eat the food, the service performed, the rent, etc.

Under the minority or what might be said to be a modern view, such transactions are treated as a sale when the food is delivered and an implied warranty exists to the effect that it is wholesome food and fit for human consumption. This view is ably treated by Chief Justice Rugg of Massachusetts in the case of *Friend v. Dining Hall Co.,* 231 *Mass.* 65, 120 *N. E.* 407, 5 *A. L. R.* 1100, and no further citations are deemed necessary.

The plaintiffs urge that under the *Sales Act, Section* 5994 of the *Revised Code of Delaware* 1935, the defendant impliedly warranted the fitness of the food sold to them. Of course, if our view be that of the majority, the *Sales Act* would have no application under any circumstance, as no sale in fact took place.

We have no prior decision in this State where the direct question as here presented has been determined. However, a policy was announced by Judge Rice in the case of *Roseberry v. Wachter,* 3 *W. W. Harr.* (33 *Del.*) 253, 138 A. 273. In that case the plaintiff claimed that, while he was dining in

the restaurant of the defendant, he was served with an order of chicken noodle soup, and that while eating the soup a large splinter from a chicken bone contained therein lodged in his throat, causing him intense pain and suffering and necessitating an operation for its removal. He further claimed that the injuries suffered by him were due to the negligence of the defendant or his employees in preparing and serving the soup. The defendant admitted that he was the proprietor of the restaurant, but claimed that the soup served the plaintiff was properly strained after it was made, and that there was no negligence whatsoever on his part, or on the part of any of his employees in preparing or serving the same. In charging the Jury Judge Rice stated that the plaintiff's action was based on negligence, and after defining negligence and stating to the Jury that they must determine whether the plaintiff's injuries were caused by negligence on the part of the defendant or his employees, he stated, "It is well settled that innkeepers, proprietors of restaurants, lunchrooms, and other persons who undertake to furnish the public with food are bound to use due care to see that such food is fit for human consumption, and can be partaken of without causing sickness, injury or endangering human life because of its unwholesome and deleterious condition or because of the presence of foreign substance; and for any negligence in this particular which proximately results in injury to a patron, they will be responsible. * * * This liability of innkeepers, proprietors of restaurants, eating houses, etc., is based on their failure to exercise reasonable or ordinary care in the preparation and serving of food to the public, and is not based upon their liability as insurers." Citing *Sheffer v. Willoughby*, 163 *Ill.* 518, 45 *N. E.* 253, 34 *L. R. A.* 464, 54 *Am. St. Rep.* 483; *Kenney v. Wong Len*, 81 *N. H.* 427, 128 A. 343.

██ The quoted charge unquestionably reflects the majority view. We have said any number of times that a prior decision of this Court should not be disturbed, unless

we are satisfied that such decision was clearly erroneous. We cannot say that in this case. We are of the opinion, until the Supreme Court of this State decrees otherwise, that the majority rule should be followed. The demurrers to each count of the declarations are sustained.