SADIE TONSMAN *vs.* BARNET GREENGLASS & another.

Suffolk. January 10, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence*, In manufacture of bread. *Food. Practice, Civil*, Request for instruction.

At the trial of an action for personal injuries received when the plaintiff bit upon a piece of metal imbedded in a loaf of bread which had been manufactured by the defendant and which the plaintiff had bought from a grocer, there was evidence tending to show that the metal was a thin piece of iron about one half inch square, that it was in the center of the loaf and was " covered with green stuff," and that the bread " smelled something terrible." The defendant's evidence described the process of mixing the ingredients and the machinery used, but offered no explanation as to the presence of the foreign substance in the loaf. The question of the negligence of the defendant was submitted to the jury without calling upon the doctrine of *res ipsa loquitur.* There was a verdict for the plaintiff. *Held,* that

(1) It was proper for the judge to charge the jury that the question was, " whether the facts as disclosed to you by this evidence are such as afford you just ground for a reasonable inference that, according to ordinary experience, this piece of metal, if it was in the bread, would not have gotten in there except for the want of due care of this defendant, or someone for whose conduct he was responsible, in the preparation of the bread; "

(2) It was proper to refuse to rule that the plaintiff had not sustained the burden of proving that the defendant was negligent;

(3) It was proper to refuse to rule that as a matter of law there was no evidence that the device used or that the method adopted by the defendant in the preparation of the bread was not reasonably adapted to the safe, careful and proper preparation of the bread.

At a trial it is proper to refuse a request for an instruction to the jury which selects an isolated fact for emphasis and comment.

TORT, against Barnet Greenglass and Jacob Greenglass, copartners doing business under the name of B. Greenglass

and Son, for personal injuries received when the plaintiff bit upon a piece of metal in bread manufactured by the defendants. Writ dated February 3, 1919.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1. Upon all the evidence in the case the plaintiff is not entitled to recover.

" 2. There is no evidence that the device used by the defendants in the preparation of the bread bought by the plaintiff was not reasonably adapted to the safe, careful and proper preparation of the same.

" 3. There is no evidence that the method of manufacture used by the defendants in the preparation of the bread used by the plaintiff was not reasonably adapted to the safe, careful and proper· preparation of the same."

" 6. The fact, if it be a fact, that some foreign substance was found in the bread manufactured by the defendants, without any affirmative evidence of negligence on the part of the defendants, is of itself not enough to warrant a finding of negligence on the part of the defendant.

" 7. The plaintiff has not sustained the burden of proof that the defendants were negligent.

" 8. The fact, if it be a fact, that the bread manufactured by the defendants contained a deleterious foreign substance is not of itself evidence of negligence sufficient to warrant a finding for the plaintiff."

The rulings were refused. In his charge, the judge instructed the jury in part as follows:

"  . . . That is, in this class of cases you are not given any wider range than in any other. You are not permitted to guess or to conclude that probably the thing may be so. But you are to use your experience, and you are to draw only such inferences as are reasonable. You have that right in all the cases. You have that duty. Because, . . . when a story is told to you by a witness you not only take the words which are given to you, but from the story as it is created or built up you draw such inferences as you, as reasonable men, are fairly entitled to draw from the stories which you hear.

" Now the question in this case is whether the facts as disclosed to you by this evidence are such as afford you just ground for a reasonable inference that, according to ordinary experience, this piece of metal, if it was in the bread, would not have gotten in there except for the want of due care of this defendant, or someone for whose conduct he was responsible, in the preparation of the bread."

There was a verdict for the plaintiff in the sum of $225. The defendant alleged exceptions by the following statements: " I want an exception in relation to the doctrine of *res ipsa loquitur;* that there is no evidence in the case of any nature or description from which the jury could apply this doctrine to the facts. I save an exception to that portion of your Honor's charge in which you say, ' You may use your own experience and such inferences as are reasonable, whether the facts in this case afford you just ground, from ordinary experience, that this piece of metal would not have got in except through the negligence, or some negligence, on the part of the defendant. It is all a question of fact for you to determine.' I except to that part of your Honor's charge."

*C. Gerstein,* for the defendants.

*J. T. Connolly,* for the plaintiff.

DeCourcy, J. It is a long established general rule that the manufacturer of a defective article is not liable to an ultimate consumer, who has purchased from a middleman, for injuries resulting from negligence in its manufacture, where there is neither fraud nor privity of contract, and the defective article is not inherently dangerous. *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, and cases cited. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123. 17 A. L. R. 674 note, and cases collected.

The courts generally, although on various grounds, recognize as an exception to this rule the liability of the manufacturer to third persons for negligence in the preparation of food for human consumption: whether the unfitness of the food be due to deleterious ingredients, or to the presence of a foreign substance. *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265. *Newhall* v. *Ward Baking Co.* 240 Mass. 434, 436. *Tomlinson* v. *Armour & Co.* 46 Vroom,

748.  *Boyd* v. *Coca Cola Bottling Works*, 132 Tenn. 23.
*Ketterer* v. *Armour & Co.* 200 Fed. Rep. 322.  *Freeman* v.
*Schults Bread Co.* 163 N. Y. Supp. 396.  *Birmingham Chero-
Cola Bottling Co.* v. *Clark*, 205 Ala. 678.  *Drury* v. *Armour &
Co.* 140 Ark. 371.  *Watson* v. *Augusta Brewing Co.* 124 Ga.
121.  *Salmon* v. *Libby, McNeill & Libby*, 219 Ill. 421.  *Davis*
v. *Van Camp Packing Co.* 189 Iowa, 775. *Parks* v. *C. C. Yost
Pie Co.* 93 Kans. 334.  *Goldman & Freiman Bottling Co.* v.
*Sindell*, 140 Md. 488.  *Craft* v. *Parker, Webb & Co.* 96 Mich.
245.  *Jackson Coca Cola Bottling Co.* v. *Chapman*, 106
Miss. 864.  *Ward* v. *Morehead City Sea Food Co.* 171 N. C.
33.  *Crigger* v. *Coca-Cola Bottling Co.* 132 Tenn. 545.
*Mazetti* v. *Armour & Co.* 75 Wash. 622.  See also *Bishop*
v. *Weber*, 139 Mass. 411.  17 A. L. R. 689 note.

There was testimony on which the jury could find these
facts: The plaintiff, through her agent, bought from a
neighboring grocer a loaf of bread which was manufactured
by the defendants and had on it their trade mark label,
" Greenglass Bread, the Best Bread Baked."  When she
attempted to eat a slice cut from the loaf her teeth came in
contact with a thin piece of iron, about half an inch long and
wide, and two of her teeth were broken; the piece of metal
was in the centre of the loaf, and was " covered with green
stuff," and the bread " smelled something terrible."  The
process of mixing the ingredients, and the machinery used,
were described by one of the defendants, but no explanation
was offered as to the presence of this foreign substance in the
loaf.  The jury reasonably could infer that it got into the
bread during the process of manufacture, because it was im-
bedded in the centre or soft part, and the discoloration of the
iron and the bad odor indicated that the metal was there
while the dough was soft and during a period of fermentation
or other chemical change.  The trial judge did not apply
the doctrine of *res ipsa loquitur*, but properly submitted the
issue of negligence to the jury.  We find no error in the por-
tion of his charge that was excepted to, especially when it is
considered in connection with the context.  The first and
seventh requests were rightly denied.  *Wilson* v. *J. G. &
B. S. Ferguson Co. supra.*  The defendants were not entitled

to those numbered 2, 3, 6 and 8, which selected isolated facts for emphasis and comment; and the subject matter was adequately and correctly covered by the charge.    *Altavilla* v. *Old Colony Street Railway*, 222 Mass. 322.

*Exceptions overruled.*