GRACE R. RICHENBACHER *vs.* CALIFORNIA PACKING CORPORATION.

Worcester.     September 22, 1924. — October 31, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* In canning food.     *Food.*

In an action of tort for personal injuries resulting to the plaintiff, a woman, from biting upon glass alleged to have been contained in a can of spinach prepared and canned by the defendant, a corporation, sold by it to a wholesale grocer and by such grocer to a retailer, from whom the plaintiff purchased it, where a judge heard the action without a jury and found for the plaintiff, it was *held,* that

(1) Statements by the defendant, that, during the years 1919 and 1920, through its agent it sold spinach of the brand purchased by the plaintiff, prepared and canned by it for food for human consumption, to the wholesale grocery company in evidence, together with the fact that the defendant did not say or impliedly say that in those years any canned spinach which was prepared, canned or sealed in canneries which it did not own or control was sent to such wholesale grocery company, in connection with evidence tending to show that the can in question was sold by the wholesale grocery company to a retailer from whom the plaintiff purchased it, warranted a finding that the can which was the subject matter of the action had been prepared and canned by the defendant in its factory, although in answers to interrogatories which were introduced in evidence the defendant stated that it distributed " cans in which is placed spinach prepared and intended for use for consumption as human food which is prepared, canned and sealed in canneries which the defendant does not own or control ";

(2) Testimony " that all spinach sold by defendant is sold in sealed cans . . . sealed in such a manner that they can only be opened by cutting out with a can opener the top or sides of the can, the cover or top of the can being tightly crimped on to the body of the can by patented

machinery," warranted a finding that the glass was in the can when it was sealed at the factory;

(3) A statement of the defendant as to the manner the spinach is handled in the factory before it is placed in sealed cans for sale and distribution for human consumption did not establish that it was impossible that the glass was in the can when it was sealed, but only that such result was not feasible if the proper care were used and the servants of the defendant were not negligent in working out the system;

(4) The fact that the glass got into the can during the preparation of the spinach and before the can was sealed, notwithstanding the great care which was customarily used in canning spinach, was a circumstance which warranted an inference that some person, whose duty it was to see that the system of the defendant was observed, was negligent in the examination of the contents of the can before it was sealed, if not negligent in preventing the presence of glass at a place where it could be put or might fall into the can;

(5) The sale of a food product mixed with glass and thus rendered dangerous to health and to life renders the manufacturer or the seller thereof liable to third persons not the direct purchasers for injuries received by them from its consumption, if the manufacturer or seller was negligent in the preparation or output of the food.

TORT for damages caused to the plaintiff by biting upon a piece of glass while eating spinach of the trade brand called " Del Monte," which she had taken from a can purchased from a retailer, the Lake Shore Market of Worcester, who had purchased it from a wholesale grocer, the United Wholesale Grocery Company of Worcester, to whom it had been sold by the defendant. Writ dated July 27, 1921.

In the Superior Court, the action was heard by *Hammond,* J., without a jury. Material evidence is described in the opinion. The defendant asked for the following rulings:

" 1. On all the evidence, the plaintiff is not entitled to recover.

" 2. There was no contractual relation between the plaintiff and the defendant which would entitle the plaintiff to recover in this case.

" 3. The presence of the glass in the spinach was not in itself evidence of negligence upon which the plaintiff could recover in this case.

" 4. The doctrine of *res ipsa loquitur* does not apply in this case."

The judge ruled " that the doctrine of *res ipsa loquitur* is applicable to the facts of this case and that the presence

of the glass in the can of spinach at the time it was sealed in the defendant's factory was, unless explained, some evidence of negligence upon the part of the defendant in the preparation and canning of the spinach in question." He found that no explanation as to how the glass got into the spinach was offered by the defendant and " that the defendant was negligent in preparing the spinach and that the plaintiff was injured in consequence thereof and is entitled to recover." Other findings by the judge are described in the opinion. There was a finding for the plaintiff in the sum of $700. The defendant alleged exceptions.

*C. M. Thayer*, for the defendant.

*M. M. Taylor*, for the plaintiff.

PIERCE, J. This is an action of tort to recover damages caused to the plaintiff by biting upon a piece of glass while eating spinach. The spinach had been taken from a can purchased from a retailer, who had purchased it from a wholesale grocer to whom it had been sold by the defendant.

The declaration was in two counts: the first alleging a misrepresentation by the defendant; and the second alleging negligence of the defendant in that it " carelessly and negligently allowed and put within and concealed within the can of spinach a piece or pieces of glass." At the close of the evidence, which the bill of exceptions does not state is fully reported, the defendant moved for a directed " verdict " on the first count. This motion was allowed and no exception appears to have been taken thereto. The defendant then moved for a directed " verdict " on the second count. This motion was denied; the defendant excepted to its disallowance and the presiding judge found for the plaintiff and made a " Statement of Findings and Rulings " in part as follows:

" The defendant manufactures and sells various canned food products intended for food for human consumption, among which is a brand of canned spinach known as ' Del Monte.' The spinach is prepared and canned at the factory of the defendant, where the cans are sealed in such a manner that they can be opened only by cutting out the top or sides of the can with a can opener. In the year 1919 and 1920

the defendant sold to the United Wholesale Grocery Company, a wholesale grocery store in Worcester, Massachusetts, some of the Del Monte canned brand of spinach which had been prepared and canned by it in its factory. The Lake Shore Grocery Store, a retail store in Worcester, bought some cans of this spinach from the United Wholesale Grocery Company, and the plaintiff bought one of these cans from the Lake Shore Grocery Store. In eating the spinach the plaintiff was injured by a piece of glass which was contained in the spinach at the time the can was opened. The plaintiff's tooth was broken and the roof of her mouth was considerably cut. The can contained, at the time it was opened, three pieces of glass of dimensions as follows: One was about three quarters of an inch long, sharpened at both ends, apparently chipped. It was thick glass, grayish in color. Another piece was about an inch and a quarter to an inch and a half long. The third piece was wedge shaped, about half an inch wide at the bottom, and about one and one half to one and three quarters inches long. The side of one piece had a rounded edge. I find that the method and process by which spinach was prepared and canned by the defendant was as stated in its answer to the plaintiff's interrogatory number 19, as modified by the plaintiff's motion to strike out. There was no evidence that the defendant had been negligent in preparing and canning the spinach in question, unless the fact that the glass was in the can when it was sealed at the defendant's factory (which I find to be the case) is evidence of such negligence unless explained, — that is to say, unless the rule of *res ipsa loquitur* applies. There was no contractual relation between the plaintiff and the defendant which would entitle the plaintiff to recover upon an implied warranty. While the canned spinach was labeled, no false representations were made by the defendant by reason of such label or otherwise concerning the contents of the can."

The defendant contends that the evidence reported did not " warrant the finding that the spinach which furnishes the subject matter of this case ' had been prepared and canned by it, (the defendant) in its factory.' " The defendant's argument in support of this position rests upon the

statement of the defendant in answer to interrogatories of the plaintiff " that the defendant does distribute cans in which is placed spinach prepared and intended for use for consumption as human food which is prepared, canned and sealed in canneries which the defendant does not own or control." The force of the argument is broken by the further statements of the defendant that it " sold to said grocery company canned spinach of the brand or mark of ' Del Monte ' during 1919 and 1920 "; that " the defendant did in the year 1919 and in the year 1920 through an agent or representative of defendant's company, sell canned spinach prepared and canned by defendant and branded or marked ' Del Monte ' for food for human consumption to the United Wholesale Grocery Company of Worcester, Mass. "; and by the fact that it does not say or impliedly say that in the years 1919 and 1920 any canned spinach " which . . . [was] prepared, canned and sealed in canneries which it . . . [did] not own or control " was in either year sent to the United Wholesale Grocery Company or to any dealer in Worcester.

The further contention of the defendant is that " there was no evidence upon which the court could find that the glass was in the can when it was sealed at the defendant's factory." Such evidence was to be found in the testimony of the defendant " that all spinach sold by defendant is sold in sealed cans, . . . sealed in such a manner that they can only be opened by cutting out with a can opener the top or sides of the can the cover or top of the can being tightly crimped on to the body of the can by patented machinery," when such evidence of the defendant is considered in connection with the testimony of the plaintiff and of her husband, wherein they describe in detail the obtaining of the can, and the preparation of the spinach for their meal from the time the husband opened the can with a can opener until the time when the spinach, warmed in an aluminum skillet, was served into small dishes at the table and was found to contain glass which cut the mouth of the plaintiff.

The statement of the defendant as to the manner the spinach is handled in the factory before it is placed in sealed cans for sale and distribution for human consumption did

not establish that it was impossible that the glass was in the can when it was sealed, but only that it was not feasible if proper care were used and the servants of the defendant were not negligent in working out the system. The fact that the glass got into the can during the preparation of the spinach and before the can was sealed, notwithstanding the great care which was customarily used in canning spinach, was a circumstance which warranted an inference that some person whose duty it was to see that the system was observed was negligent in the examination of the contents of the can before it was sealed, if not negligent in preventing the presence of glass at a place where it could be put or might fall into the can.

A food product mixed with glass is as unfit for human consumption and as dangerous to health and life as a poisonous food. The sale of food dangerous to health and to life renders the manufacturer or the seller thereof liable to third persons not the direct purchasers for injuries received by them from its consumption, if the manufacturer or seller was negligent in its preparation or output. *Tonsman* v. *Greenglass*, 248 Mass. 275.

*Exceptions overruled.*