MARY DOYLE *vs.* CONTINENTAL BAKING COMPANY.

Suffolk.     January 16, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* In manufacture of bread. *Food. Evidence,* Presumptions and burden of proof, Inference.

At the trial of an action for personal injuries caused by a piece of tin embedded in a loaf of bread, alleged to have been manufactured by the defendant, the only evidence to show that the defendant was the manufacturer of the loaf of bread and that the food containing the foreign

substance which injured the plaintiff was manufactured by the defendant, was testimony that the plaintiff purchased the loaf from a dealer and that, when purchased, it was in a sealed wrapper upon which was a trade name under which the defendant then was doing business and also a statement of the weight as one pound, four ounces and the words "Trade Mark Registered U. S. Pat. Off." There was no evidence that the defendant's trade name was being used wrongfully. *Held*, that

(1) An inference could be drawn that the name was used by the defendant in compliance with G. L. c. 94, § 8, and that the defendant was the manufacturer of the bread;

(2) A further finding was warranted that the piece of metal was in the bread when it was manufactured, and that its presence was attributable to the negligence of some one for whose act the defendant was responsible;

(3) A finding for the plaintiff was warranted.

TORT for personal injuries caused by a piece of tin embedded in a loaf of bread, alleged to have been manufactured by the defendant. Writ in the Municipal Court for the City of Boston dated January 24, 1927.

The trial judge "found as a fact that the plaintiff, while in the exercise of due care, sustained the injuries for which she sues in this action, by biting upon a piece of tin embedded in a piece of bread which was part of a loaf manufactured by the defendant, and that the presence of the metal in the bread was due to the defendant's negligence, and found for the plaintiff in the amount of $100," and reported the action to the Appellate Division. In his report were statements "that the only issue presented to the Appellate Division for consideration is as to whether the court was justified on the evidence hereinafter set forth, [which is fully described in the opinion] in finding as a fact that the food containing the foreign substance which injured the plaintiff was manufactured by the defendant. This food consisted of a loaf of bread purchased by the plaintiff from one Morris Kahn, a dealer, containing a piece of metal upon which the plaintiff bit, thereby breaking some of her teeth. The only evidence tending to show that the defendant was in the bakery business, or that the bread in question was manufactured by it, was" that described in the opinion. The Appellate Division ordered the report dismissed. The defendant appealed.

*W. B. Leach, Jr.*, for the defendant.

*A. A. Tucker*, for the plaintiff.

SANDERSON, J.   This is an action of tort to recover for personal injuries caused by a piece of tin embedded in a loaf of bread, alleged to have been manufactured by the defendant. In the Municipal Court the judge found for the plaintiff and reported the case to the Appellate Division, which dismissed the report; and the defendant appealed.   The only issue presented is whether the evidence, offered to show that the defendant was the manufacturer of the loaf of bread, was admissible, and whether the court was justified in finding upon the evidence that the food containing the foreign substance which injured the plaintiff was manufactured by the defendant.

The testimony to which reference has been made tended to prove that the loaf came in a sealed wrapper upon which appeared the words: "Massachusetts Baking Company," "White Rose Bakery New England Office, Boston," also a statement of the weight as one pound, four ounces and the words "Trade Mark Registered U. S. Pat. Off."   This wrapper had been destroyed, but a wrapper was introduced in evidence which the witness stated to be similar in all respects except that instead of the name "Massachusetts Baking Company" which was on the plaintiff's loaf there appeared on the wrapper in evidence the present trade name of the defendant.   It was agreed by counsel at the trial that the name appearing upon the plaintiff's loaf was the trade name of the defendant at the time the loaf was purchased by the plaintiff.

A manufacturer is liable "to third persons for negligence in the preparation of food for human consumption: whether the unfitness of the food be due to deleterious ingredients, or to the presence of a foreign substance."   *Tonsman* v. *Greenglass,* 248 Mass. 275, 277.   A jury may infer from the fact that a piece of metal is embedded in the loaf that it got in during manufacture when the dough was soft, and that its presence was due to the negligence of the baker or manufacturer.   *Tonsman* v. *Greenglass, supra,* page 278.   *DeGroat* v. *Ward Baking Co.* 102 N. J. L. 188.   See *Richenbacher* v. *California Packing Corp.* 250 Mass. 198.

The plaintiff was bound to prove that it was more probable

that the damage was due to negligence of the defendant than to some other cause. *Noble* v. *American Express Co.* 234 Mass. 536. *Crisafi* v. *Sells Floto Circus, ante,* 120. The weight printed on the loaf was not one of the units referred to in G. L. c. 94, § 7, and because of the statutory provision, G. L. c. 94, § 8, the manufacturer had no right to sell a loaf of bread of the weight this loaf purported to have without placing his name thereon or upon the wrapper in which it was contained. No one except the defendant had the right to use its trade name. U. S. Comp. Sts. (1916) §§ 9485, 9504. In the absence of any evidence tending to show that the defendant's trade name was being wrongfully used, the inference could be drawn that the name was used by the defendant in compliance with the statutory requirement and that the defendant was the manufacturer of the bread. It also could have been found that the piece of metal was in the bread when it was manufactured, and that its presence was attributable to the negligence of some one for whose act the defendant is responsible.

*Order dismissing report affirmed.*