## MURPHY v. CAMPBELL SOUP CO.

### No. 2693.

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

See, also, 40 F.(2d) 671; 44 F.(2d) 214.

Horatio N. Allin, of Boston, Mass., for appellant.

William T. Snow (of Gaston, Snow, Saltonstall & Hunt), of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an action at law to recover damages for injuries which the plaintiff claims to have sustained from eating canned soup

put out by the defendant. There are two counts in the declaration, the first for negligence, and the second for breach of warranty. The presiding judge at the conclusion of the evidence directed a verdict for the defendant. The question before us is whether his direction was right.

■■ We think the ruling was correct for the reasons that no evidence was introduced which would warrant a finding that the can of soup in question was put out by the defendant, nor would the evidence warrant a finding that the illnesses from which the plaintiff appears to have suffered were attributable to the soup which he ate. As to the first, the plaintiff's evidence showed that he bought the can at a grocery store; that it was marked "Campbell Vegetable Soup"; that it bore "the familiar Campbell's Soup Co. label, the red and white Campbell label." This is as far as his evidence on liability went. Even if we could take judicial notice—which we cannot—of the fact that a widely advertised and sold brand of soup is marked with the name "Campbell Soup Co.," we do not think that such facts would warrant the inference that any particular can was manufactured and sold by the defendant in this case. No evidence was introduced as to the defendant's business, nor as to what labels, if any, it used. There is nothing to connect cans marked as above stated with the defendant, except the similarity in name, which, standing alone, seems plainly insufficient. The detailed description of the can and report given in the plaintiff's brief on page 8 does not appear in the record. In Doyle v. Continental Baking Co., 262 Mass. 516, 160 N. E. 325, relied on by the plaintiff, the label on the loaf of bread which caused the injury was much more fully described; the parties agreed that the name on the label was the defendant's trade-name at the time when the loaf was purchased; and there was a law requiring the manufacturer of such a loaf to put his name upon it or upon the label. None of these important facts appeared in this case.

■■ As to the plaintiff's illness: His testimony was, in effect, that immediately after eating some homemade fudge and this soup, he became violently ill with what his physician who was called on the same day, January 18, 1926, described as a "digestive upset," "a gastro-intestinal upset," "indigestion and probably ptomaine poisoning with it." In answer to a question by the court, "Would small pieces of glass taken into the system cause poisoning of any kind?" the witness answered "No. I think they would cause stomach irritation of some sort." Several elaborate hospital records were put in. The first was dated June 18, 1926. The diagnosis at that time was "laceration left index finger, neurosis, deviated septum, psycho-neurosis, contusion left chest." The apparently thorough examination showed nothing wrong with the gastro-intestinal tract except poor appetite and constipation. On a very thorough examination in January, 1929, made by two physicians, there was a tentative diagnosis of "neurosis"; the abdomen at that time was found to be normal. In May, 1929, the patient was referred to the neurological department for examination, which resulted in the diagnosis "psycho-neurosis, not severe." The illness in January, 1926, was followed by others, viz., hardening of the arteries, extreme nervousness, and so forth. The plaintiff was treated by several doctors and went to more than one hospital, all in Boston. There was no evidence that any of his illnesses could be caused by eating glass or other deleterious substance in soup. In view of the availability of testimony to establish this fact if it were so, the absence of the evidence is not without significance. While questions of this sort are usually for the jury we feel obliged to say that the evidence in this case did not show any causal relation between the bad soup about which the plaintiff testified and the illnesses from which he suffered.

The judgment of the District Court is affirmed, with costs to the appellee.