Pettingell, J.
Action of tort for injuries alleged to have been caused by eating an ice cream cake which contained poisonous and deleterious substances. The report contains all the evidence material to the issues reported.
The error relied upon by the plaintiff is the denial of four rulings requested by the plaintiff, as follows;
1. That upon all the evidence presented in this case the plaintiff is entitled to a finding.
2. That upon the law involved in this case the plaintiff is entitled to a finding.
5. That it is not necessary to aver that the defendant knew of the injurious quality of the food. It is suffi *70 cient if it appears that it ought to have known of it and was negligent in furnishing unwholesome food, by reason whereof the plaintiff was injured.
7. The general rule is that the liability of manufacturer to third persons for negligence of preparation of food for human consumption, whether the unfitness of the food be due to deleterious ingredients or to the presence of a foreign substance. Wilson vs. Ferguson Company, 214 Mass. 265.
The first ruling was denied “because there were no specifications filed.” This was correct practice under Rule XXVII of the District Court Rules (1932 Ed.), Holton v. American Pastry Products Corp., 274 Mass. 268, at 269; Duralith Corp. v. Leonard, 274 Mass. 397; McSorley v. Risdon, 278 Mass. 415, at 417; Castano v. Leone, 278 Mass. 429, at 431; Mericantante v. Boston & Maine Railroad, Mass. Adv. Sh. (1935) 1613, at 1614.
The trial judge denied the second request for the same reason, “because there were no specifications filed.” This was not a proper disposition. Bule XXVII, above referred to, does not require specifications for a ruling “upon the law”. Bule XXVIII of the 1922 Edition did so provide, but the 1932 edition left out that part of the rule which relates to the “law” and retained only that part which relates to the “evidence.” The plaintiff was therefore entitled to this ruling if on any theory of the law she was entitled to' recover. Proctor v. Dillon, 235 Mass. 538 at 540; Nowell v. Equitable Trust Co., 249 Mass. 585, at 587; Arruda v. Director General &c., 251 Mass. 255, at 258, Krasnow v. Krasnow, 253 Mass. 528, at 529; Meteor Products Co. v. Societe D’Electro &c., 263 Mass. 543, at 549.
The plaintiff did not argue the case orally; a search of the plaintiff’s brief fails to disclose any principle of law which would entitle the plaintiff to recover on the facts found by the trial judge, or on the evidence contained in the report.
*71 In actions of this nature the duty of the plaintiff is to fasten tortious conduct upon the defendant by proof of its negligence. Ash v. Child’s Dining Hall Co., 231 Mass. 86; there must be direct evidence of negligence, Crocker v. Baltimore Dairy Lunch Co., 214 Mass. 177; O’Brien v. Louis K. Liggett Co., 255 Mass. 553, at 558; or facts from which the jury or the trial judge can infer negligence. Tonsman v. Greenglass, 248 Mass. 275, at 278; Richenbacher v. California Packing Co., 250 Mass. 198, at 203; O’Brien v. Louis K. Liggett Co., 282 Mass. 438, at 441. But the plaintiff is bound to prove that it was more probable that the damage was due to negligence of the defendant than to some other cause. Doyle v. Continental Baking Company, 262 Mass. 516, at 518, 519.
A study of the evidence reported shows that there was lacking any evidence upon which the judge could have found that there was anything poisonous or deleterious in the ice cream, or that the ice cream was the cause of the plaintiff’s illness; neither is there any evidence whatever of negligence on the part of the defendant in any particular. The cause of the plaintiff’s illness is wholly a matter of conjecture, and so is the question whether the ice cream was in any way unfit to eat.
Upon this state of the evidence, there was no theory of law which entitled the plaintiff to recover and the denial of the second ruling requested was not error, although a different reason for its denial was given by the trial judge. A right decision will be supported although the reason stated for it is wrong. Jennings v. Puffer, 203 Mass. 534, at 538; Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65 at 71; Reilly v. Selectmen of Blackstone, 266 Mass. 503, at 513; Hamilton Mfg. Co. v. Lowell, 274 Mass. 477, at 487; Broitman v. Silver, 278 Mass. 510, at 513; Malinoski v. D. S. McGrath, Inc., 283 Mass. 1, at 10.
*72 There was no error in the denial of the fifth ruling requested. The finding of the trial judge that there was no evidence of negligence on the part of the defendant and his general finding for the defendant, made the request inapplicable. White v. Beacon Trust Co., 277 Mass. 75, at 81.
The judge denied the seventh ruling requested because he was “unable to understand what it means.” That was a good reason for refusing to give it. Mahar v. Steuer, 170 Mass. 454, at 456. It is not an intelligible statement of a rule of law.
No prejudicial error appearing, the report is to be dismissed.