Morton, J.
This is an action of tort to recover damages for injuries. alleged to have been sustained by the plaintiff while biting upon a stone in a roll purchased of the defendant. The answer was a general denial and a plea of contributory negligence.
The evidence tended to show that the plaintiff on August 12, 1934 purchased at the Grove Hall Cafeteria a cup of coffee and a roll to be consumed upon the premises; that while eating the roll he broke a tooth in biting upon a small stone the size of a small pea bean, which was situated in the roll. The evidence further tended to show that the roll was purchased by the Grove Hall Cafeteria from the defendant.
The defendant introduced testimony as to the care exercised in all the. steps involved in the baking of rolls by her. The defendant duly filed the following requests for rulings:
“1. Upon all the law applicable in this case a finding should be made for the defendant. Newhall v. Ward Baking Co., 240 Mass. 434.
*400 2. On all the evidence in this case a finding should be made for the defendant.
3. The defendant is not liable to the plaintiff unless the plaintiff was injured as a result of negligence on the part of the defendant.
4. Upon all the law and the evidence in this case a finding for the defendant is warranted; and the court should make a finding for the defendant.
5. The plaintiff has not sustained the burden of proof that the defendant was negligent.”
■Of these the third was allowed, the others denied, and the Court found for the plaintiff.
In Tonsman v. Greenglass, 248 Mass. 275 the Court ruled that a manufacturer is liable to third persons for negligence in the preparation of food for human consumption: whether the unfitness of the food be due to deleterious ingredients, or to the presence of a foreign substance. The trial court recognized this proposition of law in allowing the third request. The fourth request was properly denied within the rule laid down in Bresnick v. Heath, 1935 A. S. 2297. In that case it was held that where a request is made that a finding for one party or the other was warranted, and such finding would be warranted upon the evidence, that the trial court should, in finding for-the other party, . either allow the request, or deny it as immaterial in view of his finding for the other party. This is, in effect, what occurred in the instant case. In allowing the third request the Court properly instructed himself as to the law, and, in denying the request that a finding for the defendant would be warranted, he must be regarded as so acting because he had found that the defendant was negligent.
The other three requests which were denied involved the issue as to whether the finding was warranted that the defendant was negligent. We think such finding was warranted. In Doyle v. Continental Baking Co., 262 Mass. 516 *401 the plaintiff sought to recover damages for injuries caused by a piece of tin embedded in a loaf of bread. The Court said the plaintiff was bound to prove that it was more probable that the damage was due to negligence of the defendant than to some other cause, and then went on to say at page 518:
‘ ‘A jury may infer from the fact that a piece of metal is embedded in the loaf that it got in during manufacture when the dough was soft, and that its presence was due to the negligence of the baker or manufacturer.”
In Richenbacher v. California Packing Corp., 250 Mass. 198 the plaintiff sought to recover damages in consequence of the presence of a piece of glass in a can of spinach. The finding of the plaintiff was upheld, and the Court says at page 203:
“The fact that the glass got into the can during the preparation of the spinach and before the can was sealed, notwithstanding the great care which was customarily used in canning spinach, was a circumstance which warranted an inference that some person whose duty it was to see that the system was observed was negligent in the examination of the contents of the can before it was sealed, if not negligent in preventing the presence of glass at a place where it could be put or might fall into the can.”
The defendant contends that the finding for the plaintiff was not warranted; that there was not only no evidence of negligence on the part of the defendant, but direct evidence of its due care in the baking of the roll in question. In support of this contention he cites Ash v. Childs Dining Hall Co., 231 Mass. 86. In that case the injury was caused by the presence of a tack in a blueberry pie. It appeared in evidence that the defendant made the pie and used blueberries which came in baskets in which there were tacks. *402 The Court said that the tack might have become embedded in a blueberry in such a way as not to be reasonably discovered, and due to the negligence of a person for whose acts the defendant was in no way responsible. The Court says at page 90:
“The mere fact of injury does not show negligence. The burden of proof resting upon the plaintiff to establish that fact must be sustained by evidence either direct or inferential.”
In the case at bar there is inferential evidence of negligence in that the stone was embedded in the roll, and it could be inferred therefrom that its presence in the dough was due to the negligence of some person for whose acts the defendant was responsible.
The defendant in support of his contention also relies upon Crocker v. Baltimore Dairy Lunch Company, 214 Mass. 177. In that case the injury was due to unhealthy food, and there was no evidence of any lack of care on the part of the defendant in the purchase and preparation thereof for consumption by its customers; nor was there any evidence from which such negligence could be inferred. The defendant relies upon the proposition stated in the opinion that a failure to accept direct evidence of the due care of the defendant could not take the place of evidence of negligence on its part. While, of course, that proposition is true, we repeat that, in the instant case, the presence of an embedded stone in a roll is evidence from which the trial court would be justified in finding that there was negligence in its manufacture.
Newhall v. Ward, 240 Mass. 344, referred to in the first request of the defendant, is not in point because on the count for negligence in that suit a verdict was directed for the defendant, and the correctness thereof was not *403 before the Court upon exceptions, the issue in that case being upon the count for deceit.
In view of the authorities hereinbefore cited the Court was warranted in finding that there was negligence in the baking of the roll in question in view of the fact that there was a stone embedded therein, and in consequence thereof there was no error in the disposition of the requests for rulings, and an order will be entered dismissing the report.