Bolster, C. J.
The declaration in this case contains no allegation putting the defendant in any other position than that of a manufacturer of a defective article, a cake of soap, negligently made and containing a foreign substance, which finally came to the plaintiff’s hands, as consumer, and injured him. It does not state a case. Barrango v. Hinckley Rendering Co., 230 Mass. 93. Pitman v. Lynn Gas & Elec. Co., 241 Mass 322. Christensen v. Bremer, 263 Mass. 129. Reed & Barton Co. v. Maas, 73 Fed. 2nd 359. Hardiman v. Yaffa, App. Div. #321267 (39-230). cf. Chelsea Moving &c. Co. v. Ross Towboat Co., 280 Mass. 282.
It is idle to treat the matter other than as a judicially-declared rule of policy. Liability could have been upheld had the courts deemed it wise. There is no intrinsic compelling necessity for liability or non-liability. It is only a question of how far decision has carried us in making a manufacturer- liable to a remote consumer. An exception to the general rule of non-liability is settled in the case of human food. Tonsman v. Greenglass, 248 Mass. 275. Richenbacher v. Cal. Packing Corp., 250 Mass. 198. Another exception exists in the case of articles inherently dangerous, taken as a class. Windram Manuf. Co. v. Boston Blacking Co., 239 Mass. 123. Guinan v. Famous Players-Lasky Corp., 267 Mass. 501. The admissions of the demurrer do not extend to saying that cakes of soap are inherently dangerous, but only that this one was. cf. Farley v. Tower Co., 271 Mass. 230, 234.
This case is within the general rule. It may be that judicial views of policy may expand so as to give protection as well to the outside as the inside of the human body. That has not yet happened in this jurisdiction.
Demurrer sustained.