Rowe, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained as a result of biting into a screw contained in ice cream sold by the defendant to the plaintiff. The screw was a half inch brass screw with the shaft broken off % of an inch from the head. The plaintiff put into his mouth a spoon full of ice cream, which contained the screw, thereby receiving the injuries complained of.
The trial judge found for the defendant and the plaintiff claims to be aggreived by the ruling that the doctrine of res ipsa loquitur did not apply to the case.
The report concludes with this statement:
“It is a matter of conjecture as to how the screw got into the ice cream. I do not find the defendant negligent, I rule that the doctriné of res ipsa loquitur does not apply in this case. . . . The sole question raised by this report is whether or not the doctrine of res ipsa loquitur applies and if it does, whether or not the judge erred in his finding.”
*326 Hence the trial jndge has reported two questions, (1) was the trial judge in error by ruling that the doctrine of res ipsa loquitur did not apply and (2) was he in error in finding that the defendant was not negligent.
The defendant’s counsel, in reply to a question from the bench, properly stated that on the facts of this case there was no difference in results whether the defendant was simply engaged in selling ice cream or whether it was also the manufacturer of it.
(1) We are of the opinion that the doctrine of res ipsa loquitur does apply to the instant case. In Richenbacher v. California Packing Corp., 250 Mass. 198 the plaintiff sued in tort for negligence to recover for damages received by biting upon a piece of glass while eating spinach, which she had taken from a can purchased from a retailer who had brought it from a wholesaler. The trial judge there ruled that “the doctrine of res ipsa loquitur is applicable to the case and that the presence of the glass in the can of spinach at the time it was sealed in the defendant’s factory was, unless explained, some evidence of negligence upon the part of the defendant in the preparation and canning of the spinach in question.” (Reporter’s statement p. 199) The trial judge, sitting without a jury “found that no explanation as to how the glass got into the spinach was of-: fered by the defendant.” (Reporter’s statement p. 200) The defendant there had requested a ruling that the doctrine of res ipsa loquitur did not apply to that case but its exceptions were overruled. The Richenbacher case controls the instant ease on this point.
The case at bar falls on the same side of the line as does Tonsman v. Greenglass, 248 Mass. 275, Richenbacher v. California Packing Corp., 250 Mass. 198, Sullivan v. Manhattan Market Co., 251 Mass. 395, Doyle v. Continental Baking Co., 262 Mass. 516 and Flynn v. First National Stores, *327 Inc., Mass. A. S. (1937) 247. See also the Flynn ease last above cited at P. 249 for comment on Ash v. Childs Dining Hall Co., 231 Mass. 86 and O’Brien v. Louis K. Liggett Co., 255 Mass. 553, S. C. 282 Mass. 438.
(2) Was there error in the finding of no negligence on the part of the defendant, the judge having erroneously ruled that the doctrine of res ipsa loquitur did not apply to the case? We think there was error. The report states “it is a matter of conjecture as to how the screw got into the ice cream. I do not find the defendant negligent. I rule that the doctrine of res ipsa loquitur does not apply in this case. ’ ’
It was said in Rosigno v. Colonial Beacon Oil Co., Mass. A. S. (1936) 915 that the doctrine of res ipsa loquitur “merely permits the tribunal of fact if it sees fit, in the absence of a finding of the specific cause of the occurrence to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent.” In Garrett v. McDonough Co., 7 N. E. (2) Mass. 417 the court states that the doctrine of res ipsa loquitur “when applicable establishes, not a prima facie case, but one where in the absence of explanation, the inference of negligence from the happening of the accident is warranted. That is to say, the doctrine means nothing more than the facts of the injury are sufficient to warrant an inference of negligence, but are not such as to require the jury or a judge sitting without a jury, to find negligence, in fact.”
In the case at bar the trial judge, stating that it was conjectural as to how the screw got into the ice cream, found no negligence on the part of the defendant. Even if on the facts as proven he considered it .merely conjectural as to how the screw did get into the ice cream, he should not have stopped there in his consideration as to whether negligence had been shown. But, going further, he should, *328 by applying the doctrine of res ipsa loquitur, have given consideration to the question as to whether the mere proof ,of- the occurrence of the screw in the ice cream without evidence as to how it got there, would cause him to infer that there was negligence of some kind on the part of the defendant. This, by his ruling that the doctrine of res ipsa loquitur did not apply, he was prevented from doing. He came to a conclusion of no negligence on the part of the defendant without giving consideration to all the elements which he should have considered. As the consideration of the doctrine of res ipsa loquitur was a prerequisite to coming to his conclusion as to negligence there was error in his not so doing. His ruling that the doctrine of res ipsa loquitur did not apply shows as matter of law that he did not give it consideration. Hence there was error on the part of the trial judge on this point.

New trial ordered.