Bolster, C. J.,
This is an action of tort for personal injuries caused by alleged negligence in allowing a chicken bone to be in a sealed can of chicken meat packed by the defendant and bought by the plaintiff from a retailer. The can bore a label “Richardson & Robbins Boned Chicken.” Another label has the letters “R & R.” The judge *288 found negligence. The case comes here chiefly on the refusal to rule that the evidence did not warrant that finding. We think the refusal was right. An employee of the defendant testified that in the defendant’s factory he had seen chicken being boned by hand and that there was an inspector present to see that the chicken was boneless before it was canned; that boned chicken meant chicken without a bone. The object of the process was plain enough, to remove the bones. It could be found that some employee of the defendant was careless and let some bone get into the material for canning rendering it not boneless. Richenbacher v. California Packing Corp., 250 Mass. 198, Doyle v. Continental Baking Co., 262 Mass. 516. Much of the defendant’s argument has been that a chicken bone is not “foreign” to chicken. There is no magic in that word. A bone is foreign to “boned” or “boneless” chicken. Those words mean the same to a buyer. It turns the product into something which it is neither intended nor advertised to be if bones are left in. The pie cases relied on by defendant are not parallel. A putting out of canned “stoned cherries ” or “pitted olives” containing stones or pits would in our opinion sustain a finding of negligence.
The original declaration alleged the purchase of “R & R boneless” chicken. To meet a claim of variance the plaintiff was allowed to amend to “Richardson & Robbins Boned Chicken.” The defendant requested a report of the allowance of the motion. The judge had power to allow it, and there is no showing in the report of facts which make his action wrong. The defendant then moved that the case be opened to let it put in evidence to meet the amended pleading, and claimed a report on the judge’s denial of the motion. The judge had power to deny it and there is no showing in the report of facts which makes his action *289 wrong. It does not appear from the report what evidence the defendant wished to offer. As the matter stands the amended pleading in no sense sets up a new or different cause of action. It merely makes allegation and proof conform. The defendant has fallen into the not infrequent error of assuming that a defendant can safely come into court prepared for nothing except the exact case set out in the declaration.
Report dismissed.