*Western District*

*District Court of Springfield*

No. 143745

**BEVERLEE NASSIF**

v.

**SWIFT & COMPANY, d-b-a**
**H. L. HANDY COMPANY**

*Present:* Riley, P. J., Hobson and Garvey, JJ.

*Garvey, J.* This is an action of tort to recover damages caused to plaintiff by biting on pieces of bone while eating a sandwich consisting in part of two slices of "meat loaf" alleged to have been negligently manu-

factured by the defendant. The meat loaf was purchased by the plaintiff at a retail market. The answer was a general denial and contributory negligence. The judge found for the plaintiff.

The case is reported at the request of the defendant who claims to be aggrieved by the denial of his request for a ruling *that the evidence did not warrant a finding of negligence.*

The evidence warranted and the judge made the following special findings of fact:

"On May 12, 1957, the Plaintiff, Beverlee Nassif, hereinafter referred to as the Plaintiff went to the Calabrese Market on Eastern Avenue, Springfield and purchased cold cuts. She ordered about one-half pound of 'Ham Loaf' sliced. It was cut from a large slice which was wrapped in white paper upon which was printed 'Handy Brightwood Luncheon Loaf' and then sliced and paid for by the Plaintiff."

"The following day the Plaintiff prepared a sandwich placing two slices of 'Ham Loaf' and some mayonnaise between two pieces of bread."

"While eating the sandwich the Plaintiff cut her mouth on two pieces of bone which were in the ham loaf."

Was a finding of negligence warranted, and has the defendant been sufficiently identified to be held answerable to the plaintiff, are the two issues presented for decision. If a manufacturer or processor of food intended for human consumption is negligent in its preparation, he is liable to third parties, though not the direct purchasers, for injuries received by them from its consumption. *Richenbacher v. California Packing Corp.,* 250 Mass. 198. Cases collected in

*Carter v. Yardley & Co. Ltd.,* 319 Mass. 92, 101.

■ "The tendency of courts is to hold the manufacturer of food to a high degree of care because of the serious consequences to human life likely to follow his negligence." *Sullivan v. Manhattan Market Co.,* 251 Mass. 395, 396; *Flynn v. First National Stores, Inc.,* 296 Mass. 521. And the manufacturer is liable to third persons whether unfitness of the food is due to deleterious ingredients or the presence of a foreign substance. *Tonsman v. Greenglass,* 248 Mass. 275, 277; *Doyle v. Continental Baking Co.,* 262 Mass. 516. We assume, without deciding, that bones in a meat loaf is a foreign substance. It should be noted that the ingredients, the size of the meat loaf and the bones are not described in the report.

■ "The plaintiff had the burden of proving that the accident was caused by negligence of the defendant. This was an affirmative burden and could not be left to surmise, conjecture or imagination.

■ The plaintiff, however, was not bound to exclude every possible cause for her injuries other than that of negligence of the defendant, and was only required to show by a preponderance of the evidence a greater likelihood that her injuries resulted from an act of negligence for which the defendant is responsible rather than from a cause for which it is not liable." *Howard v. Lowell Coca-Cola Bottling Co.,* 322 Mass. 456, 458.

■ There was no direct evidence in this case of any specific negligent act or omission

on the part of the defendant. In such a situation, the time between which the manufactured product is put in the channels of trade and the time of injury, the opportunity or lack of it for mishandling by others, the type of wrapper or container, the position of the foreign substance, the control or lack of it by the manufacturer, and other surrounding circumstances become important. The drawing of an inference of negligence has been permitted where the deleterious ingredients or foreign substance causing injury is a product packaged and sold by the manufacturer in a wrapper, can or bottle. *Richenbacher v. California Packing Corp.,* 250 Mass. 198 (glass in sealed can of spinach); *Tonsman v. Greenglass,* 248 Mass. 275 and *Doyle v. Continental Baking Co.,* 262 Mass. 516 (foreign substance imbedded in bread that was wrapped); *Carter v. Yardley & Co., Ltd.,* 319 Mass. 92, (harmful contents in bottle). See also *Flynn v. First National Stores, Inc.,* 296 Mass. 521, 522, where hamburg was under defendant's "exclusive control"; *Bergantino v. General Baking Co.,* 298 Mass. 106 and *Wilson v. J. B. & B. S. Ferguson Co.,* 214 Mass. 265, where pie was sold to injured party same day it was delivered by manufacturer to retailer.

In the *Yardley* case, which extends the rule of liability based on negligence to manufacturers of articles other than food, the Court, on the issue of control, said at page 95: "In this case the defendant had full control of the manufacture of the perfume and the fill-

ing of the bottle. There was evidence that when bought by the plaintiff the perfume 'was still in the same condition as when bottled by the defendant.' " And in the same case at page 99 the Court said: "tampering with the contents of the bottle would have been most unlikely" but "the causal relation of a manufacturer's negligence may be broken by the intervention of a superseding cause such as some negligence to the injury or fault of another, whereby the manufacturer's negligence ceases to be the proximate cause of the injury". On the matter of control see *Weiss v. Republic Pipe and Supply Corp.*, 335 Mass. 422, 428; *DiRoberto v. Lagasse, adm.; Brady v. The Great A & P Tea Company*, 336 Mass. 386; and *Flaherty v. The N. Y., N. H. and H. RR.*, 337 Mass. 456. In all these cases "Enough evidence, however, was introduced to show a situation from which negligence could be inferred". *Poulin v. H. A. Tobey Lumber Co.*, 337 Mass. 146.

In the present case there was no evidence showing when or how the meat loaf was manufactured; if it was wrapped by the manufacturer; when it was sold to the proprietor of the market and by whom; time it was in the market before a portion was purchased by the plaintiff; who handled it from the time it left the control of the manufacturer; the lack of opportunity for bones to become part of product while in control of someone else; the size of the bones, and their position in meat loaf; how much had been previously sold; when it first became unwrapped.

On the evidence a cause other than the negligence of the manufacturer could have been responsible for the presence of the bones in the meat loaf. *Ash v. Childs Dining Hall Co.,* 231 Mass. 86. The affirmative burden by the plaintiff to prove negligence could not be left to surmise, conjecture or imagination. *Howard v. Lowell Coca-Cola Bottling Co.,* 322 Mass. 456.

The evidence was not sufficient to permit the drawing of an inference of negligence. It was conjecture to find that the presence of the bones in the meat loaf, which was part of the sandwich, was due to the negligence of the defendant rather than some other cause. *Monahan v. Economy Grocery Stores Corp.,* 282 Mass. 548; *Mellace v. John P. Squire Co.,* 306 Mass. 515.

The finding for the plaintiff cannot stand for an additional reason. The only evidence tending to show that the defendant was the manufacturer, processor or distributor of the meat loaf, is, that the plaintiff at the time of purchase observed printing on a white wrapper, opened at one end on the meat loaf, that read "Handy's Brightwood Luncheon Loaf", from which the retailer sliced one half a pound. The name on the wrapper is not the one under which the defendant is alleged to do business.

This is not sufficient identity of the defendant. Bald identity of name, not present here, without confirmatory facts or circumstances is insufficient. *Herman v. Fine,* 314 Mass. 67; *Cochrane v. The Great Atlantic*

*and Pacific Tea Company,* 281 Mass. 386, 391. Evidence that a can of soup marked "Campbell's Vegetable Soup" and "bore the familiar Campbell Soup Company label" was held insufficient to establish as manufacturer of the particular can a defendant widely known as the Campbell Soup Company. *Murphy v. Campbell Soup Company,* 62 F2d 564. The facts in this case differ from those in *Doyle v. Continental Baking Co.,* 262 Mass. 516, where a sealed wrapper on a loaf of bread, with other evidence, bore the admitted trade name of the defendant. Compare: *Vieira v. Balsamo,* 328 Mass. 37; *Mellace v. John P. Squires Co.,* 306 Mass. 515.

It was error to deny the defendant's requested ruling that "On all the evidence, the plaintiff(s) is not entitled to recover because (a) there is no evidence of negligence on the part of the defendant, its agents or servants".

Therefore, the finding for the plaintiff should be vacated, and, since a correct disposition of the defendant's request for ruling would have disposed of the case in favor of the defendant, judgment should be entered for the defendant. G. L. (Ter. Ed.) c. 231, §§110, 124. *Fiske v. Boston El. Ry.,* 289 Mass. 598, 601.

Douglass R. Winniman, for the Plaintiff.
Bergstedt, Joy and Griffin, for the Defendant.