*Northern District*

No. 6454

**CATHERINE NORTON**

**v.**

**THE FIRST NATIONAL STORES, INC.**

Argued: April 26, 1967        Decided: May 23, 1967

*Present:* Brooks, P.J., Connolly and Yesley, J.J.

Case tried to *Taylor, J.* in the Municipal Court of the Roxbury District   No. 43508

*\*Connolly, J.    This remand case is an action of contract or tort.* The declaration contains two counts—one for negligence and one for breach of warranty.

The trial judge found for the plaintiff on the count for breach of warranty in the sum of $500.00 and for the defendant on the count for negligence.

The defendant seasonably filed requests for rulings which included the following:

4.  As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.
5.  The evidence does not warrant a finding that the food was deleterious at time of purchase.
6.  The evidence does not warrant a finding that the alleged physical injuries complained of

by plaintiff were proximately caused by the codfish purchased from defendant.

These requests were denied by the trial judge and this is the basis of the review of the case by this Division.

The trial judge found:

> ... "That the plaintiff purchased shredded codfish from the defendant, a portion of which she ate and sometime later became ill; that she was treated by a physician who called it to the attention of the Health and Hospital Department of the City of Boston which made an analysis of the codfish and found that it contained 'mouse fecal matter'; that plaintiff gave notice to the defendant within a reasonable time; that there was an implied contract that the codfish was fit for human consumption, and also that it was not fit for human consumption, and that the plaintiff became ill as a result of eating it."

The findings have support in the evidence and must be sustained with the exception of the last clause; namely, "and that the plaintiff became ill as a result of eating it".

The evidence relating to the plaintiff's illness is, and we quote from the report:

> ... "The plaintiff, a 63 year-old woman, purchased the shredded codfish from the defendant's store on Tuesday, March 24, 1964; that the item purchased was a plastic bag containing two cardboard packages of shredded codfish; that on the next morning March 25, 1964, plaintiff opened one package and emptied its contents into a pan of water; that at about 12:30, she took a portion of the fish out of the water and ate it for lunch along with some potato, after which she had no ill effects; that at about 2 p.m. she noticed some 'stuff' on top that she thought were worms, and she became 'very upset'; that the plaintiff then took the other package back to the defendant's store that afternoon and showed it to a man who then gave it back to her and she returned home; that she ate no supper that day; and that about

10 or 11 p.m. she got 'sick' for the first time, and was 'weak and nauseous' during the next week.''

In selling the plaintiff a package of shredded codfish which contained fecal matter of a mouse, the defendant breached a warranty of merchantibility implied in the sale of food by one engaged in that business. *G.L. 106, § 2-314(1)* However, the plaintiff is not entitled to recover other than nominal damages if she became ill as a result solely of psychological and emotional disturbances caused by her seeing foreign substances she thought were worms in the food she had been eating. *Sullivan* v. *H. P. Hood & Sons, Inc.,* 341 Mass. 216.

Because of the time that elapsed between when she ate the food (12:30 noon) and when she, quoting from the report, "first became sick" (10-11 p.m.), the probability is that her illness was not entirely psychologically induced.

The critical issue in the case then is whether there is a causal relationship between the eating of the food and the illness of the plaintiff.

The plaintiff must make it appear more likely than not that the cause of her illness was eating the food in question rather than some other cause. *Monahan* v. *Economy Grocery Stores Corp.,* 282 Mass. 548. But she is not required to exclude every other cause for her illness other than the suspect food so long as she makes it appear that eating it was the probable cause of her illness. *Mellace* v. *John P. Squire Co.,* 306 Mass. 515.

We have carefully reviewed and considered the evidence in the light most favorable to the

plaintiff but must conclude that the cause and the nature of the plaintiff's illness is conjectural.

The case lacks the evidence considered of probative significance on the issue of causal relationship.

There was no evidence that the food in question was unusual in taste, odor or appearance. Nor was there any evidence that others had eaten it and became ill. *Johnson* v. *Kavanos*, 296 Mass. 373.

Although the plaintiff received medical treatment, there was no medical evidence tending to show a probable causal connection between the food and the illness. In fact, there was no evidence as to the type of illness the plaintiff had. The symptoms described "weak and nauseous" could apply to a number of common illnesses totally unrelated to food poisoning.

Although the denial of defendant's requests for rulings 4 and 5 was proper, the denial of request 6 was prejudicial error.

The case is returned to the Municipal Court of Roxbury with instructions to the Clerk that:

"On Count 1, Judgment is to be entered for the plaintiff for nominal damages.

"On Count 2, Judgment is to be entered for the defendant."

ROBERT A. GOLDBERG
for the plaintiff

RALPH C. COPELAND
for the defendant

**Reporter's Note:** The rule that there can be no recovery for physical injuries resulting solely from mental and emotional disturbances is applicable to actions of contract. *Wheeler* v. *Balestri*, 304 Mass. 257, 259 (Purchaser made ill by seeing cockroaches in bread of which she had just eaten a piece).